| | |
|---|---|
| Alan Eisner / Eisner Gorin LLP | |
| NAME | |
| State Bar No. 127119 | |
| PRISON IDENTIFICATION/BOOKING NO. | |
| 14401 Sylvan St., Ste. 112 | |
| ADDRESS OR PLACE OF CONFINEMENT | |
| Van Nuys, CA 91401 | |

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his or her name, address, telephone and facsimile numbers, and e-mail address.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Alberto Hinojosa Medina
FULL NAME (*Include name under which you were convicted*)
                                                          Petitioner,

v.

Raymond Madden,
Warden at Richard J. Donovan Correctional Facility
NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER
                                                          Respondent.

CASE NUMBER:

CV  22-00368-VBF (MAA)
To be supplied by the Clerk of the United States District Court

☑  **FIRST**  AMENDED

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
### 28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION  Los Angeles County
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(*List by case number*)
CV
CV

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7. When you have completed the form, send the original and two copies to the following address:

   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   255 East Temple Street, Suite TS-134
   Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☑ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue

   a. Place of detention   Richard J. Donovan Correctional Facility

   b. Place of conviction and sentence   Los Angeles Superior Court, Airport Courthouse, 11701 S. La Cienega, Dept. 81

   Los Angeles, CA 90045

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).

   a. Nature of offenses involved (*include all counts*):   Count 1: Murder with true special circumstance finding and knife allegation; Count 2: Arson of an inhabited structure; Count 3: First-Degree Burglary while a person was present

   Count 4: First-Degree Burglary while a person was present; Count 4: Cruelty to an Animal

   b. Penal or other code section or sections:   Count 1: Cal. Pen.Code, § 187(a), special circumstance Cal. Pen. Code, § 190.2(a)(17)

   knife allegation Cal. Pen. Code, § 12022(b)(1); Count 2: Cal. Pen. Code, § 451(b); Count 3: Cal. Pen. Code, § 459;

   Count 4: Cal. Pen. Code, § 459; Count 5: Cal. Pen. Code, § 597(a)

   c. Case number:   Los Angeles Superior Court case number SA091348

   d. Date of conviction:   May 29, 2018

   e. Date of sentence:   September 21, 2018

   f. Length of sentence on each count:   Count 1: Life without parole plus 1 year; Count 2: 8 years

   Count 3: 6 years, but sentence was stayed; Count 4: 1 year, 4 months; Count 5: 2 years, 8 months

   g. Plea (*check one*):   Counts 2, 4, and 5 ordered consecutive to Count 1.

   ☑ Not guilty

   ☐ Guilty

   ☐ Nolo contendere

   h. Kind of trial (*check one*):

   ☑ Jury

   ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☑ Yes   ☐ No

   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):

   a. Case number:   B292849

   b. Grounds raised (*list each*):

   (1) The trial court erred in failing to exclude gruesome and irrelevant photos and testimony regarding the disfigurement to the victim's body, which deprived appellant of his state and federal due process right to a fair trial

   (2) The trial court erred by allowing the prosecutor to call a DNA criminalist as a witness when the witness was going to provide no relevant evidence; the prosecutor committed misconduct by calling the witness for the sole purpose of inflaming the jury, and trial counsel was ineffective for failing to seek exclusion of the evidence/testimony, all of which deprived appellant of his state and federal due process right to a fair trial

       (3) The trial court erred by denying appellant's repeated requests to continue the trial in order to allow the defense to review the enormous amount of. videotaped evidence, and the error deprived appellant of his right to effective assistance of counsel and to his due process right to a fair trial

       (4) The trial court prejudicially erred in denying the defense request to release juror info base on juror misconduct, which resulted in a violation of appellant's constitutional rights to a fair trial and impartial jury, and 6th Amendment right to counsel

       (5) The restitution order for funeral expenses in the amount of $45,326.62 was unreasonable and therefore violated the excessive fines clause of the Eighth Amendment

       (6) The parole revocation fine was improperly imposed because appellant was sentenced to life without the possibility of parole

  c. Date of decision: June 12, 2020

  d. Result: Affirmed judgment, except the abstract of judgment was ordered amended as to the restitution amount

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☑ Yes ☐ No

  If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

  a. Case number: S263318

  b. Grounds raised *(list each)*:

       (1) Trial court erred in not excluding gruesome irrelevant photos/testimony of victim's burnt body, which deprived appellant of his state and federal due process right to a fair trial

       (2) Trial court erred by denying defense requests to continue trial, and the error deprived Medina of right to effective assistance of counsel and to due process right to a fair trial

       (3) Trial court erred in denying defense request to release juror info base on juror misconduct, which violated Medina's constitutional rights to a fair trial and impartial jury

       (4) Restitution order for funeral expenses was unreasonable and violated the excessive fines clause of 8th Amend.

       (5) Trial court erred by allowing prosecutor to call DNA criminalist as witness when witness provided no relevant evidence; prosecutor committed misconduct by calling witness to inflame jury, and counsel was ineffective for

       (6) failing to seek exclusion of evidence/testimony, depriving Medina of state and federal due process right to a fair trial

  c. Date of decision: August 26, 2020

  d. Result: Review denied.

5. If you did not appeal:

  a. State your reasons

  b. Did you seek permission to file a late appeal? ☐ Yes ☐ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

  ☑ Yes ☐ No

  If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

  a. (1) Name of court: Los Angeles Superior Court

     (2) Case number: SA091348

     (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: April 1, 2022

(4) Grounds raised *(list each)*:

(i) The trial court abused its discretion by failing to provide a clear and direct response to the jury's inquiry about the requisite intent underlying burglary; the abuse of discretion resulted in a violation of Medina's federal and state constitutional right to a jury trial and due process rights; alternatively, Medina received ineffective assistance of trial counsel under the federal and state Constitutions; alternatively, Medina received ineffective assistance of appellate counsel under the federal and state Constitutions

(5) Date of decision:  June 23, 2022

(6) Result  The petition was denied.

(7) Was an evidentiary hearing held?   ☐ Yes   ☑ No

b. (1) Name of court:  California Supreme Court

(2) Case number:  S275668

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:  July 25, 2022

(4) Grounds raised *(list each)*:

(i) The trial court abused its discretion by failing to provide a clear and direct response to the jury's inquiry about the requisite intent underlying burglary; the abuse of discretion resulted in a violation of Medina's federal and state constitutional right to a jury trial and due process rights; alternatively, Medina received ineffective assistance of trial counsel under the federal and state Constitutions; alternatively, Medina received ineffective assistance of appellate counsel under the federal and state Constitutions

(5) Date of decision:  November 16, 2022

(6) Result  The petition was denied.

(7) Was an evidentiary hearing held?   ☐ Yes   ☑ No

c. (1) Name of court:

(2) Case number:

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:

(4) Grounds raised *(list each)*:

(a)
(b)
(c)
(d)
(e)
(f)

(5) Date of decision: _____

(6) Result _____
_____

(7) Was an evidentiary hearing held?   ☐ Yes  ☐ No

7. Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes  ☑ No

   If yes, answer the following:

   (1) Docket or case number (if you know): _____
   (2) Result: _____
   _____

   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____

8. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the <u>facts</u> supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   **CAUTION**:  *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

   a. Ground one: Denial of Medina's motions to continue trial deprived Medina of federal constitutional rights to effective assistance of counsel, fair trial, and to present a defense

   (1) Supporting FACTS: PLEASE SEE FACTS AND LAW IN THE ATTACHED MEMORANDUM
   _____
   _____
   _____
   _____

   (2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☑ Yes  ☐ No
   (3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☑ Yes  ☐ No
   (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes  ☑ No

   b. Ground two: Trial court abused its discretion in admitting graphic photos of testimony about victim's burned body; the admission of the evidence rendered the trial fundamentally unfair in violation of Medina's federal due process rights

   (1) Supporting FACTS: PLEASE SEE FACTS AND LAW IN THE ATTACHED MEMORANDUM
   _____

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☑ Yes ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☑ Yes ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☑ No

  c. Ground three: Trial counsel was constitutionally ineffective for failing to object to admission of Ernest Park's testimony regarding the inconclusive sexual assault test findings

    (1) Supporting FACTS: PLEASE SEE FACTS AND LAW IN THE ATTACHED MEMORANDUM

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☑ Yes ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☑ Yes ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☑ No

  d. Ground four: Trial court erred in denying Medina's request to release juror information based on juror misconduct and the error amounted to a violation of Medina's federal constitutional rights to a fair and impartial jury trial

    (1) Supporting FACTS: PLEASE SEE FACTS AND LAW IN THE ATTACHED MEMORANDUM

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☑ Yes ☐ No
    (3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☑ Yes ☐ No
    (4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☑ No

  e. Ground five: Trial court violated Medina's 6th Amendment jury trial right and 14th Amendment due process rights by not providing a clearer answer to jury's question of whether an intent to fight could support burglary; alternatively, trial counsel was ineffective under 6th Amendment; alternatively, appellate counsel was ineffective under 14th Amendment for not raising the issue on appeal

    (1) Supporting FACTS: PLEASE SEE FACTS AND LAW IN THE ATTACHED MEMORANDUM

    (2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☑ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes  ☑ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☑ Yes  ☐ No

**f. Ground six: SEE ADDENDUM**

9. If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
    ☐ Yes  ☑ No

    If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

    a. (1) Name of court: _____
       (2) Case number: _____
       (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
       (4) Grounds raised *(list each)*:
           (a) _____
           (b) _____
           (c) _____
           (d) _____
           (e) _____
           (f) _____
       (5) Date of decision: _____
       (6) Result _____

       (7) Was an evidentiary hearing held?   ☐ Yes ☐ No

    b. (1) Name of court: _____
       (2) Case number: _____
       (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____
       (4) Grounds raised *(list each)*:
           (a) _____
           (b) _____
           (c) _____
           (d) _____
           (e) _____
           (f) _____
       (5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?   ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?   ☐ Yes ☑ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____
(b) _____
(c) _____
(d) _____
(e) _____
(f) _____

12. Are you presently represented by counsel?   ☑ Yes ☐ No

If so, provide name, address and telephone number:

**Alan Eisner, SBN 127119, 14401 Sylvan St., Ste. 112, Van Nuys, CA 91401 - (818) 781-1570**

**Dmitry Gorin, SBN 178353, 14401 Sylvan St., Ste. 112, Van Nuys, CA 91401 - (818) 781-1570**

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

/S/ Alan Eisner
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  SEE VERIFICATION ATTACHED TO MEMORANDUM OF POINTS AND AUTHORITIES
*Date*                                    *Signature of Petitioner*

**ADDENDUM TO
PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254**

Paragraph 8.

    f.    Ground six:   The imposition of $45,326 in restitution for funeral expenses violated the Excessive Fines Clause of the Eighth Amendment

        (1)    Supporting FACTS: PLEASE SEE FACTS AND LAW IN THE ATTACHED MEMORANDUM.

        (2)    Did you raise this claim on direct appeal to the California Court of Appeal? Yes.

        (3)    Did you raise this claim in a Petition for Review to the California Supreme Court? Yes.

        (4)    Did you raise this claim in a habeas petition to the California Supreme Court? No.